**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **BRIAN SUGHRIM, individually and on behalf of all others similarly situated; DAVID FELICIANO, individually and on behalf of all others similarly situated,** | ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **CASE NO. 1:19-CV-07977-RA** ) |
| **STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; ANTHONY J. ANNUCCI, Acting Commissioner (in his official capacity); JOHN A. SHIPLEY, Director of Labor Relations (in his personal and official capacities); NA-KIA WALTON, Assistant Director of Labor Relations/ADA Coordinator (in her personal and official capacities); LEROY FIELDS, Superintendent for Security Services of Fishkill Correctional Facility (in his personal and official capacities); STEPHEN URBANSKI, Deputy Superintendent for Security Services of Fishkill Correctional Facility (in his personal and official capacities); JAMES JOHNSON, Deputy Superintendent for Administrative Service of Fishkill Correctional Facility (in his personal and official capacities); ALAN WASHER, Corrections Captain (in his personal and official capacities),** | ) **MEMORANDUM OF LAW** ) **IN SUPPORT OF THE STATE'S** ) **MOTION TO DISMISS** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

---

## MEMORANDUM OF LAW IN SUPPORT OF THE STATE'S MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... i

TABLE OF AUTHORITIES............................................................................................. iii

PRELIMINARY STATEMENT .........................................................................................1

PLAINTIFFS' ALLEGATIONS ........................................................................................3

LEGAL STANDARD ......................................................................................................5

ARGUMENT ...............................................................................................................6

    I.    ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFFS' SECTION 1983 AND STATE-LAW CLAIMS AGAINST NEW YORK AND NYDOCCS AND PLAINTIFFS' OFFICIAL-CAPACITY DAMAGES CLAIMS AGAINST THE STATE OFFICIALS ...............6

    II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER TITLE VII....................................9

        A.    PLAINTIFFS FAIL TO ALLEGE THAT THEY FILED EEOC CHARGES ...............9

        B.    PLAINTIFFS FAIL TO ALLEGE ANY "PROTECTED ACTIVITY" IN CONNECTION WITH THEIR RETALIATION CLAIM ...........................................9

        C.    THE INDIVIDUAL DEFENDANTS ARE NOT "EMPLOYERS" WITHIN THE MEANING OF TITLE VII.................................................................................10

    III.    THE NEW YORK CONSTITUTION DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION ................................................................................................................10

    IV.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE STATE OFFICIALS ........11

        A.    STATUTORY IMMUNITY UNDER NEW YORK LAW BARS PLAINTIFFS' STATE LAW CLAIMS AGAINST THE STATE OFFICIALS FOR DAMAGES.........11

        B.    THE COMPLAINT FAILS TO ALLEGE PERSONAL INVOLVEMENT OF FIELDS OR JOHNSON IN THE DENIAL OF PLAINTIFFS' RELIGIOUS ACCOMMODATIONS .................................................................................12

        C.    THE STATE OFFICIALS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFFS SECTION 1983 CLAIMS...........................................................13

            1.    PLAINTIFFS FAIL TO ALLEGE THAT ANY STATE OFFICIAL VIOLATED PLAINTIFFS' CONSTITUTIONAL RIGHTS ........................14

2.      PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CLEARLY
        ESTABLISHED LAW...........................................................................15

D.      INJUNCTIVE RELIEF IS NOT AVAILABLE ON THE INDIVIDUAL-CAPACITY
        CLAIMS .............................................................................................18

V.      THE COMPLAINT FAILS TO STATE AN OFFICIAL-CAPACITY CLAIM FOR
        DECLARATORY OR INJUNCTIVE RELIEF...................................................18

A.      ELEVENTH AMENDMENT IMMUNITY BARS THE OFFICIAL-CAPACITY
        CLAIMS FOR INJUNCTIVE RELIEF UNDER STATE LAW...............................19

B.      PLAINTIFFS CANNOT ALLEGE A CURRENT, ONGOING VIOLATION OF
        FEDERAL LAW .........................................................................................20

C.      THE ACTING COMMISSIONER IS THE ONLY OFFICIAL-CAPACITY
        DEFENDANT WHO POSSESSES AUTHORITY TO PROVIDE THE REQUESTED
        RELIEF ................................................................................................21

CONCLUSION..................................................................................................22

CERTIFICATE OF SERVICE ................................................................................23

# TABLE OF AUTHORITIES

**Cases**

*Armstead v. N.Y. State Dep't of Corr. & Cmty. Supervision*
  No. 13-CV-88 (ENV) (JMA), 2013 WL 1312017 (E.D.N.Y. Mar. 28, 2013) ......................... 7

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ........................................................................................................ 5, 14

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ............................................................................................................... 6

*Bell v. Wolfish*
  441 U.S. 520 (1979 ................................................................................................................ 1

*Clark v. DiNapoli*
  510 Fed. App'x 49 (2d Cir. 2013) ...................................................................................... 20

*Cruz v. Coach Stores, Inc.*
  202 F.3d 560 (2d Cir. 2000) .............................................................................................. 10

*Davis v. Buffalo  Psych. Ctr.*
  623 F.Supp. 19 (W.D.N.Y. 1985) ........................................................................................ 8

*Davis v. New York*
  316 F.3d 93 (2d Cir. 2002) .............................................................................................. 7, 8

*DeLoreto v. Ment*
  944 F.Supp.2d 1023 (D. Conn. 1996) ............................................................................... 18

*Dube v. State Univ. of N.Y.*
  900 F.2d 587 (2d Cir. 1990) ...................................................................................... 6, 8, 19

*Ex parte Young*
  209 U.S. 123 (1908) ............................................................................................... 19, 20, 21

*Fitzpatrick v. Bitzer*
  427 U.S. 445 (1976) .............................................................................................................. 7

*Ford v. Reynolds*
  316 F.3d 351 (2d Cir. 2003) ........................................................................................... 8, 20

*Francis v. City of N.Y.*
  235 F.3d 763 (2d Cir. 2000) ................................................................................................ 9

iii

*Francis v. Fiacco*
   942 F.3d 126 (2d Cir. 2019) .................................................................... 13, 14, 16

*Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*
   170 F.3d 359 (3d Cir. 1999) ........................................................................ 16, 17

*Garcia v. Yonkers Sch. Dist.*
   561 F.3d 97 (2d Cir. 2009) ................................................................................. 17

*Gore v. Kuhlman*
   630 N.Y.S.2d 141 (3d Dep't 1995) ...................................................................... 11

*Green v. Mansour*
   474 U.S. 64 (1985) .................................................................................... 19, 20

*Greenawalt v. Indiana Dep't of Corr.*
   397 F.3d 587 (7th Cir. 2005) ............................................................................. 18

*Hassell v. Fischer*
   96 F.Supp.3d 370 (S.D.N.Y. 2015) ..................................................................... 12

*Holtz v. Rockefeller & Co.*
   258 F.3d 62 (2d Cir. 2001) .................................................................................... 9

*Johnson v. N.Y. State Dep't of Corr. & Cmty. Supervision*
   No. 11-CV-079S, 2013 WL 5347468 (W.D.N.Y. Sept. 23, 2013) ......................... 11

*Johnson v. State of N.Y.*
   No. 10 Civ. 9532 (DLC), 2012 WL 335683 (S.D.N.Y. Feb. 1, 2012) ...................... 7

*Jones v. Smith*
   784 F.2d 149 (2d Cir. 1986) ............................................................................... 21

*Kentucky v. Graham*
   473 U.S. 159 (1985) ............................................................................................. 8

*Kuck v. Dunaher*
   822 F.Supp.2d 109 (D. Conn. 2011)................................................................... 18

*Lewis v. Roosevelt Island Operating Corp.*
   246 F.Supp.3d 979 (S.D.N.Y. 2017) ................................................................... 12

*Litzman v. N.Y. City Police Dep't*
   No. 12 Civ. 4681 (HB), 2013 WL 6049066 (S.D.N.Y. Nov. 15, 2013)............... 16, 17

*Lore v. City of Syracuse*
   670 F.3d 127 (2d Cir. 2012) ......................................................................... 10, 13

*Loren v. Levy*

No. 00 Civ. 7687 (DC), 2003 WL 1702004 (S.D.N.Y. Mar. 31, 2003) ................................. 21

*Makarova v. U.S.*
   201 F.3d 110 (2d Cir. 2000) .............................................................. 4, 6, 20

*Martinez v. City of Schenectady*
   97 N.Y. 2d 78 (N.Y. 2001) ....................................................................... 11

*Natofsky v. City of N.Y.*
   921 F.3d 337 (2d Cir. 2019) .................................................................... 10

*Nunez v. N.Y. State Dep't of Corr. & Cmty. Supervision*
   No. 14-CV-6647 (JMF), 2015 WL 4605684 (S.D.N.Y. July 31, 2015) ................... 7

*Patterson v. Cnty. of Oneida, N.Y.*
   375 F.3d 206 (2d Cir. 2004) .................................................................... 12

*Pennhurst State Sch. & Hosp. v. Holderman*
   465 U.S. 89 (1984) ............................................................................ 6, 19

*Quadir v. N.Y.S. Dep't of Labor*
   39 F.Supp.3d 528 (S.D.N.Y. 2014) ............................................................ 7

*Quern v. Jordan*
   440 U.S. 332 (1979) ................................................................................ 6

*Raspardo v. Carlone*
   770 F.3d 97 (2d Cir. 2014) ................................................................. 12, 13

*Robinson v. Goulet*
   525 Fed. App'x 28 (2d Cir. 2013) ........................................................... 10

*Rother v. N.Y. State Dep't of Corr. & Cmty. Supervision*
   970 F.Supp.2d 78 (N.D.N.Y. 2013) ........................................................... 7

*Santiago v. N.Y. State Dep't of Corr. Servs.*
   945 F.2d 25 (2d Cir. 1991) ....................................................................... 7

*Schuler v. Bd. of Educ. of Central Islip Union Free Sch. Dist.*
   No. 96 CV-4702 (JG), 2000 WL 134346 (E.D.N.Y. Feb. 1, 2000) ......................... 19

*Siani v. State Univ. of N.Y. at Farmingdale*
   7 F.Supp.3d 304 (E.D.N.Y. 2014) ............................................................ 21

*Smith v. City of Atlantic City*
   Civil No. 19-6865 (RBK/JS), 2019 WL 1307877 (D.N.J. Mar. 22, 2019) ............... 17

*Soloviev v. Goldstein*
   104 F.Supp.3d 232 (E.D.N.Y. 2015) .......................................................... 19

*Spires v. MetLife Group, Inc.*
  18-CV-4464 (RA), 2019 WL 4464393 (S.D.N.Y. Sept. 18, 2019) ............................................ 6

*Sutter v. Dibello*
  CV-18-817 (ADS) (AKT), 2019 WL 4195303 (E.D.N.Y. Aug. 12, 2019) ................. 11, 19, 21

*Syed v. City of N.Y.*
  No. 16-cv-4789 (PGG)(KNG) (June 22, 2016) ...................................................................... 17

*Wahad v. F.B.I.*
  994 F.Supp. 237 (S.D.N.Y. 1998) ........................................................................................... 11

*Ward v. Thomas*
  207 F.3d 114 (2d Cir. 2000) .................................................................................................... 21

*Whalen v. Mass. Trial Ct.*
  397 F.3d 19 (1st Cir. 2005) ..................................................................................................... 20

*White v. Pauly*
  137 S. Ct. 548 (2017) ............................................................................................................... 16

*Young v. Goord*
  192 Fed. App'x 31 (2d Cir. 2006) ......................................................................................... 14

**Statutes**

42 U.S.C. § 1983 ............................................................................................................... 5, 12

42 U.S.C. § 2000e-3(a) ......................................................................................................... 10

N.Y. Exec. L. § 296(10) ...................................................................................................... 4, 16

New York Correction Law § 24 .............................................................................................. 11

**Rules**

Fed. R. Civ. P. 12(b)(1) .............................................................................................. passim

Fed. R. Civ. P. 12(b)(6) .............................................................................................. passim

Defendants the STATE OF NEW YORK ("New York"), NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ("NYDOCCS"), ANTHONY J. ANNUCCI (the "Acting Commissioner"), JOHN A. SHIPLEY, NA-KIA WALTON, LEROY FIELDS, STEPHEN URBANSKI, JAMES JOHNSON, and ALAN WASHER (collectively, the "State Officials," and, collectively with New York, NYDOCCS, and the Acting Commissioner, the "State), hereby submit this Memorandum of Law in Support of the State's Motion to Dismiss (the "Motion to Dismiss") the Complaint filed by Plaintiffs Brian Sughrim ("Sughrim") and David Feliciano ("Feliciano," and, collectively with Sughrim, "Plaintiffs") under Rules 12(b)(1) and 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.[1]

## PRELIMINARY STATEMENT

In Bell v. Wolfish, the United States Supreme Court clearly recognized:

> Prison officials must be free to take appropriate action to ensure the
> safety of inmates and corrections personnel . . . .

441 U.S. 520, 547 (1979).  The present action seeks to fundamentally restrict the necessary freedom afforded NYDOCCS to establish policies and procedures designed to ensure the safety of its corrections officers, but even more, the human beings in NYDOCCS's custody.  NYDOCCS must staff its facilities with an adequate number of personnel who can appropriately wear respirators in a variety of emergent circumstances.  Hence, NYDOCCS's grooming policy arises squarely from well-founded concerns over operational safety, the loss of human life, and sound environmental practices.   Putting aside the logic behind NYDOCCS's grooming policy,

---

[1] The arguments in this Motion apply to the parties and allegations in the Complaint, and not to any extrinsic evidence or statements from non-parties included in Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction (Doc. Nos. 42-50).

NYDOCCS maintained an active vetting process for all requests for both medical and religious accommodation to actively prevent any form of discrimination in enforcing this important policy.

Plaintiffs' Complaint reflects a disheveled pleading prepared in an apparent hasty rush to the courthouse. The Complaint also paints an incomplete picture of Plaintiffs' circumstances. NYDOCCS reversed Plaintiffs' suspensions and ensured that they received full pay and benefits during the terms of their suspensions. Plaintiffs remain employed with NYDOCCS today, operating under religious exemptions to NYDOCCS's grooming policy. As such, no controversy currently exists.

On the face of the Complaint, Plaintiffs assert claims over which subject-matter jurisdiction plainly does not exist because of Eleventh Amendment or statutory immunity. Plaintiffs also seek damages from the State Officials personally, despite being unable to allege that any State Official acted with any discriminatory animus. Plaintiffs' Complaint is due to be dismissed under FED. R. CIV. PROC. 12(b)(1) and 12(b)(6) in its entirety for the following reasons:

(1)    Eleventh Amendment immunity bars Plaintiffs' § 1983 and state-law claims against New York and NYDOCCS and the money damages claims against the Acting Commissioner and State Officials in their official capacities;

(2)    Plaintiffs failed to file a charge with the Equal Employment Opportunity Commission (the "EEOC") or any state or local agency before filing their Title VII claims;

(3)    Plaintiffs fail to allege any "protected activity" to the extent they allege retaliation under Title VII;

(4)    Plaintiffs may not sue the State Officials in their individual capacities under Title VII;

(5)    The New York Constitution does not provide a private right of action;

(6)    The State Officials are entitled to statutory immunity from Plaintiffs' state-law claims for damages;

(7)    Plaintiffs fail to allege that Fields or Johnson personally participated in

denying any religious accommodations;

(8)     The State Officials are entitled to qualified immunity from Plaintiffs' § 1983 claims;

(9)     Plaintiffs may not obtain injunctive relief against the State Officials in their individual capacities;

(10)    Eleventh Amendment immunity bars official-capacity claims for injunctive relief based on alleged violations of state law;

(11)    Plaintiffs cannot allege a current, ongoing violation of federal law to support an official-capacity claim for declaratory or injunctive relief on their § 1983 claims; and

(12)    To the extent Plaintiffs can assert a § 1983 claim for declaratory or injunctive relief, the Acting Commissioner in his official capacity is the only appropriate defendant.

For these reasons, Plaintiffs' Complaint is due to be dismissed.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs, corrections officers stationed at Fishkill Correctional Facility ("Fishkill"), commenced this action after NYDOCCS suspended them for failure to comply with NYDOCCS's grooming policy. (Compl. at ¶¶ 1-6, 36-39, 53-56).   After relying for years on medical accommodations, Plaintiffs sought and initially failed to obtain religious exemptions from the NYDOCCS's grooming policy due to their religious beliefs.  (Id. at ¶¶ 1, 4).  Plaintiffs purport to assert claims for violations of the United States Constitution, the New York State Constitution, Title VII, and the New York State Human Rights Law ("NYSHRL").   (Id. at ¶¶ 194-221). Plaintiffs name the Acting Commissioner in his official capacity only, while naming the other State Officials in both their official and individual capacities.  (Id. at ¶¶ 21-29).

Plaintiffs generally allege the State violated their right to religious freedom by suspending their employment for failure to comply with NYDOCCS's policy.  (See id. at ¶¶ 4-6, 194-221). According to Plaintiffs, NYDOCCS's policy prohibits corrections officers from wearing beards at

3

a length that would prevent a proper seal between an officer's face and the sealing surface of a respirator.  (See Compl. at ¶¶ 86-92).  Plaintiffs allege that, in March 2019, NYDOCCS notified all relevant staff who wore beards pursuant to an outstanding medical exemption to resubmit requests for a medical exemption every six (6) months.  (Id. at ¶¶ 70-77).  Plaintiffs failed to submit satisfactory documentation to renew their medical exemptions.  (Id. at ¶ 84).

After failing to renew their medical exemptions, Plaintiffs submitted religious accommodation requests to continue wearing their beards.  (Id. at ¶ 99).  Plaintiffs allege that they submitted their requests on a form entitled "Request for Religious Accommodation."  (Id. at ¶ 100).  The State responded to these requests on August 5, 2019, acknowledging Plaintiffs' "right to request a religious accommodation" but denying the requests and requiring Plaintiffs to comply with the grooming policy.  (Id. at ¶¶ 104-107).  Plaintiffs refused to comply with this direct order, and NYDOCCS suspended their employment.  (Id. at ¶¶ 130-33, 150-53, 174).

On August 9, 2019, Governor Andrew Cuomo signed an amendment to the New York State Human Rights Law prohibiting religious discrimination based upon appearance (the "NYSHRL Amendment"), which did not become effective until October 8, 2019, i.e. after Plaintiffs' suspension.  N.Y. Exec. L. § 296(10).  As part of NYDOCCS's review of the NYSHRL Amendment and the agency's long-standing grooming policy, the agency reconsidered Plaintiffs' request for religious exemptions and reinstated Plaintiffs together with back pay and all benefits effective August 26, 2019.  (Declaration of John Shipley, dated November 26, 2019 ("Shipley Decl."), at ¶ 4).[2]  Plaintiffs currently remain in their positions as corrections officers at Fishkill, and, pursuant to NYDOCCS's policy, they continue to possess religious exemptions to maintain

_____

[2] The State recognizes that the Court may not consider matters outside the pleadings on a motion to dismiss under Rule 12(b)(6), and submits the Shipley Declaration only in support of the arguments set forth in Section V.B, which seeks dismissal of the official-capacity claims for injunctive relief under Rule 12(b)(1).  The Court may consider matters outside the pleadings on a Rule 12(b)(1) motion.  Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

their beards. (Id. at ¶¶ 4-5). Thus, as of the date of this filing, NYDOCCS continues to honor Plaintiffs' current religious exemptions pursuant to its grooming policy. (Id.). NYDOCCS does not intend to re-institute disciplinary proceedings against Plaintiffs based upon the events articulated in the Complaint. (Id. at ¶ 5).

Plaintiffs claim that their religion requires them to maintain their beards. (See Compl. at ¶¶ 34-35, 98). While Plaintiffs allege certain State Officials knew of Plaintiffs' religious beliefs, Plaintiffs do not allege that any State Official acted in bad faith or with discriminatory bias. (See id. at ¶¶ 6, 97, 131, 147, 152, 156, 160). Strikingly, Plaintiffs do not even allege that Fields and Johnson played any role at all in the denial of their religious accommodations. (See id. at ¶¶ 27, 76-77, 79-81). Moreover, Plaintiffs do not assert that they exhausted their EEOC remedies prior to filing their Title VII claims in this action. (See id. at ¶¶ 212-217). Without specifying the claims asserted against or relief sought from each defendant, Plaintiffs demand compensatory and punitive damages as well as injunctive and declaratory relief. (Id. at ¶¶ 12-13, 221). The Complaint purports to assert the following four Counts:

> **Count I**: "Violations of Religious Freedoms Under the First Amendment, 42 U.S.C. § 1983, and Article I § 3 of the New York State Constitution";
>
> **Count II**: "Violations of Equal Protection Under the Fourteenth Amendment, 42 U.S.C. § 1983, and Article I § 3 of the New York State Constitution";
>
> **Count III**: "Violations of Title VII of the Civil Rights Act of 1964"; and
>
> **Count IV**: "Violations of the New York State Human Rights Law."

For the following reasons, the Court should dismiss Plaintiffs' Complaint in its entirety for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted) (internal quotations omitted)).  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted) (internal quotation marks omitted)); <u>Spires v. MetLife Group, Inc.</u>, 18-CV-4464 (RA), 2019 WL 4464393, at *3 (S.D.N.Y. Sept. 18, 2019).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court may consider materials outside the pleadings, such as affidavits.  <u>Makarova v. U.S.</u>, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence.  <u>Id.</u>

## <u>ARGUMENT</u>

**I.**     **ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFFS' SECTION 1983 AND STATE-LAW CLAIMS AGAINST NEW YORK AND NYDOCCS AND PLAINTIFFS' OFFICIAL-CAPACITY DAMAGES CLAIMS AGAINST THE STATE OFFICIALS.[3]**

Plaintiffs' Complaint indiscriminately names New York and NYDOCCS as defendants on all claims, and seeks damages from the State Officials in their official capacities, with no regard for Eleventh Amendment immunity.  Plaintiffs cannot state a section 1983 or state-law claim against New York or NYDOCCS, regardless of the relief they seek.  Likewise, Plaintiffs cannot state an official-capacity claim against the State Officials for damages.  The Eleventh Amendment to the United States Constitution deprives a court of jurisdiction over these claims.

First, the Eleventh Amendment bars section 1983 claims against states and their agencies. <u>Quern v. Jordan</u>, 440 U.S. 332, 344-45 (1979) (Eleventh Amendment bars section 1983 claims against states); <u>Pennhurst State Sch. & Hosp. v. Holderman</u>, 465 U.S. 89, 100 (1984) (suit against

---

[3] This 12(b)(1) argument applies to Counts I, II, and IV of the Complaint to the extent Plaintiffs purport to assert these claims against New York, NYDOCCS, and the State Officials in their official capacities for damages.

state agency or department is suit against state for Eleventh Amendment purposes); Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990) (Eleventh Amendment bars all section 1983 claims against state or its agencies, regardless of whether the relief sought is legal or equitable). NYDOCCS is a state agency "entitled to assert the state's Eleventh Amendment immunity." Santiago v. N.Y. State Dep't of Corr. Servs., 945 F.2d 25, 32 (2d Cir. 1991) (instructing district court to dismiss injunctive relief claim directly naming predecessor to NYDOCCS instead of naming "as a defendant a state official rather than the state or a state agency directly"); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of section 1983 claims against predecessor to NYDOCCS on basis of Eleventh Amendment immunity).  District courts routinely dismiss section 1983 claims naming NYDOCCS as a defendant.  See, e.g., Rother v. N.Y. State Dep't of Corr. & Cmty. Supervision, 970 F.Supp.2d 78, 89-91 (N.D.N.Y. 2013) (dismissing section 1983 claims against NYDOCCS on basis of Eleventh Amendment); Armstead v. N.Y. State Dep't of Corr. & Cmty. Supervision, No. 13-CV-88 (ENV) (JMA), 2013 WL 1312017, at *3 (E.D.N.Y. Mar. 28, 2013) (Eleventh Amendment bars section 1983 claim against NYDOCCS); Johnson v. State of N.Y., No. 10 Civ. 9532 (DLC), 2012 WL 335683, at *1 (S.D.N.Y. Feb. 1, 2012) (dismissing section 1983 claim against New York and NYDOCCS).  Accordingly, Eleventh Amendment immunity bars all of Plaintiffs' section 1983 against New York and NYDOCCS, regardless of the type of relief sought.[4]

Eleventh Amendment immunity also bars the state-law claims against New York and NYDOCCS in their entirety.  "'New York has not waived its Eleventh Amendment immunity for NYSHRL suits in federal courts.'"  Quadir v. N.Y.S. Dep't of Labor, 39 F.Supp.3d 528, 537

---

[4] Congress abrogated the states' Eleventh Amendment immunity when it enacted Title VII.  Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).  Accordingly, Eleventh Amendment immunity does not bar Plaintiffs' Title VII claims.  However, those claims fail for separate reasons.  (See Section II, infra).

(S.D.N.Y. 2014) (quoting <u>Widomski v. State Univ. of N.Y. (SUNY) at Orange</u>, 933 F.Supp.2d 534, 554 (S.D.N.Y. 2013), <u>aff'd</u>, 748 F.3d 471 (2d Cir. 2014)); <u>Nunez v. N.Y. State Dep't of Corr. & Cmty. Supervision</u>, No. 14-CV-6647 (JMF), 2015 WL 4605684, at *7 (S.D.N.Y. July 31, 2015) (citing <u>Allessi v. N.Y. State Dep't of Corr. & Cmty. Supervision</u>, 16 F.Supp.3d 221, 225-26 (W.D.N.Y. 2014)) (concluding that "[t]here is no evidence that, in enacting the NYSHRL, New York consented to suit in federal court" and dismissing NYSHRL claims against NYDOCCS on basis of Eleventh Amendment immunity). Even if Plaintiffs possessed a private right of action under the New York State Constitution (which they do not, <u>see</u> Section III, <u>infra</u>), the Eleventh Amendment also bars that claim against New York and NYDOCCS. <u>See, e.g.</u>, <u>Davis v. Buffalo Psych. Ctr.</u>, 623 F.Supp. 19, 20 (W.D.N.Y. 1985) ("Plaintiff has not adequately shown that Eleventh Amendment immunity has been overridden or that the State of New York has waived its immunity and has consented to be subject to suit in federal court regarding claims premised upon section 1981 or the 'equal protection' clause of the Federal or New York Constitutions."). Thus, Eleventh Amendment immunity bars all of Plaintiffs' state-law claims against New York and NYDOCCS.

Finally, Eleventh Amendment immunity bars the official-capacity claims to the extent Plaintiffs seek damages on those claims. <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985) (Eleventh Amendment bar to "a damages action against a State in federal court . . . remains in effect when State officials are sued for damages in their official capacity."); <u>Ford v. Reynolds</u>, 316 F.3d 351, 354 (2d Cir. 2003) ("The Eleventh Amendment bars the award of money damages against state officials in their official capacities."); <u>Davis</u>, 316 F.3d at 101 (Eleventh Amendment bars claims against New York, NYDOCCS's predecessor, correctional facility, and official-capacity claims for damages against state officials, citing <u>Graham</u>). The Eleventh Amendment serves as a

jurisdictional bar.  Dube, 900 F.2d at 594.  Therefore, no subject-matter jurisdiction exists over Plaintiffs' section 1983 claims and state-law claims against New York and NYDOCCS in their entirety and Plaintiffs' official-capacity claims against the Acting Commissioner and the State Officials to the extent they seek monetary damages.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER TITLE VII.[5]

### A.   PLAINTIFFS FAIL TO ALLEGE THAT THEY FILED EEOC CHARGES.

Plaintiffs' attempt to assert claims under Title VII of the Civil Rights Act of 1964 fails because Plaintiffs do not allege that they filed charges of discrimination with the EEOC or any state or local agency.  A plaintiff may bring a Title VII claim in federal district court "only after filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'"  Holtz v. Rockefeller & Co., 258 F.3d 62, 82-83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)).  Filing an EEOC charge "is a precondition to suit."  Id. (citing Francis v. City of N.Y., 235 F.3d 763, 768 (2d Cir. 2000).  "[A] plaintiff typically may raise in a district court complaint only those claims that either were included in or are 'reasonably related to' the allegations contained in [his] EEOC charge."  Id. (citing Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)).  Plaintiffs utterly fail to allege that they filed any EEOC charge at all.  Accordingly, this Court should dismiss the Title VII claims for failure to exhaust EEOC remedies.

### B.   PLAINTIFFS FAIL TO ALLEGE ANY "PROTECTED ACTIVITY" IN CONNECTION WITH THEIR RETALIATION CLAIM.

Plaintiffs appear to assert a claim for retaliation under Title VII, but their only allegation of "retaliation" is that the State allegedly retaliated "against Plaintiffs and others similarly situated for exercising their rights to practice their religion by wearing a beard of reasonable length."

---

[5] The 12(b)(6) arguments in this Section apply to Count II of the Complaint.

(Compl. at ¶ 214(d)).  This allegation cannot support a retaliation claim. Title VII's retaliation provision applies to employer actions that "discriminate against" an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  Thus, a plaintiff asserting a retaliation claim must allege that he or she engaged in "protected activity," i.e., "action taken to protest or oppose statutorily prohibited discrimination."  Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000), superseded on other grounds by N.Y.C. Local L. No. 85 (citing 42 U.S.C. § 2000e-3 and Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 134-35 (2d Cir. 1999)).  Plaintiffs here allege only that they refused to comply with the agency's grooming policy.  They do not allege that they complained about or protested the grooming policy in any way.  See, e.g., Natofsky v. City of N.Y., 921 F.3d 337, 354 (2d Cir. 2019) (letter appealing demotion and stating that demotion was "illegitimate and contrary to law" was "too general to indicate that [plaintiff] was protesting his demotion as discriminatory and, therefore, cannot sustain a retaliation claim").  Thus, even if Plaintiffs could allege a Title VII discrimination claim in the absence of an EEOC charge, they cannot state a claim for retaliation.

## C.     THE INDIVIDUAL DEFENDANTS ARE NOT "EMPLOYERS" WITHIN THE MEANING OF TITLE VII.

Plaintiffs appear to assert their Title VII claim against all defendants.  However, "individuals are not subject to suit under Title VII."  Robinson v. Goulet, 525 Fed. App'x 28, 30 (2d Cir. 2013) (citing Mandell v. Cnty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003)); Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012).  Accordingly, even if Plaintiffs could assert a Title VII discrimination claim against NYDOCCS without filing an EEOC charge, they cannot assert a Title VII claim against the State Officials.

10

III.    THE NEW YORK CONSTITUTION DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION.[6]

Counts I and II purport to assert claims under the New York Constitution.  (Compl. at ¶¶ 198, 206).  "No explicit constitutional or statutory authority sanctions a private right of action for violations of the New York State Constitution."  Wahad v. F.B.I., 994 F.Supp. 237, 238 (S.D.N.Y. 1998) (no private right of action under New York Constitution where plaintiff had alternative remedy under section 1983) (citing Brown v. State of N.Y., 89 N.Y.2d 172, 186 (N.Y. 1996)); Sutter v. Dibello, CV-18-817 (ADS) (AKT), 2019 WL 4195303, at *10 (E.D.N.Y. Aug. 12, 2019), adopted by 2019 WL 4193431 (E.D.N.Y. Sept. 4, 2019) (dismissing claims under New York Constitution because plaintiff lacked a private right of action); see also Martinez v. City of Schenectady, 97 N.Y. 2d 78, 83-84 (N.Y. 2001) (declining to recognize constitutional tort claim). Thus, to the extent Counts I and II purport to assert claims based on the New York Constitution, the Court should dismiss those claims.

IV.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE STATE OFFICIALS.[7]

A.    STATUTORY IMMUNITY UNDER NEW YORK LAW BARS PLAINTIFFS' STATE LAW CLAIMS AGAINST THE STATE OFFICIALS FOR DAMAGES.

No jurisdiction exists over Plaintiffs' individual-capacity claims for damages against the State Officials for alleged violations of state law.  New York Correction Law § 24 bars claims for damages brought in state court against NYDOCCS employees in their individual capacities "arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee."  N.Y. Correction Law § 24(1); see also Gore v. Kuhlman, 630 N.Y.S.2d 141, 142 (3d Dep't 1995) (affirming dismissal of state-law

---

[6] This 12(b)(6) argument applies to Counts I and II of the Complaint to the extent those Counts purport to assert claims under the New York Constitution.

[7] The 12(b)(1) (subsection A) and 12(b)(6) (subsections B-D) arguments in this Section apply to the claims in Counts I, II, and IV of the Complaint to the extent they allege claims against the State Officials in their individual capacities.

11

claim by correctional officer against supervisors under § 24); <u>Johnson v. N.Y. State Dep't of Corr.</u>
<u>& Cmty. Supervision</u>, No. 11-CV-079S, 2013 WL 5347468, at \*\*3-4 (W.D.N.Y. Sept. 23, 2013)
(dismissing state-law claims by NYDOCCS employee on basis of § 24).   Such a claim must be
"brought … in the court of claims as a claim against the state."  N.Y. Correction Law §§ 24(1) and
24(2).   "The Second Circuit has held that this provision prevents federal courts from exercising
pendent jurisdiction over state law claims appended to federal claims brought pursuant to 42
U.S.C. § 1983."  <u>Hassell v. Fischer</u>, 96 F.Supp.3d 370, 385 (S.D.N.Y. 2015) (citing <u>Baker v.</u>
<u>Coughlin</u>, 77 F.3d 12, 15 (2d Cir. 1996)).  Plaintiffs allege that the State Officials acted "within
their authority as employees … of DOCCS…." (Compl. at ¶ 29).  Thus, the State Officials possess
statutory immunity from Plaintiffs' state-law claims for damages, and no subject-matter
jurisdiction exists over those claims.

### B. THE COMPLAINT FAILS TO ALLEGE PERSONAL INVOLVEMENT OF FIELDS OR JOHNSON IN THE DENIAL OF PLAINTIFFS' RELIGIOUS ACCOMMODATIONS.

Plaintiffs purport to seek damages from Fields and Johnson in their individual capacities,
but they fail to allege that Fields or Johnson took a single action related to the denial of their
religious accommodations.  "[A] plaintiff must establish a given defendant's personal involvement
in the claimed violation in order to hold that defendant liable in his [or her] individual capacity
under § 1983."  <u>Patterson v. Cnty. of Oneida, N.Y.</u>, 375 F.3d 206, 229 (2d Cir. 2004) (citations
omitted) (alteration in original).  "If a defendant has not *personally* violated a plaintiff's
constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."
<u>Raspardo v. Carlone</u>, 770 F.3d 97, 115 (2d Cir. 2014).[8]  Plaintiffs' allegations against Fields and
Johnson fall woefully short of this standard.

---

[8] The NYSHRL also requires a showing of personal involvement to impose individual liability.  <u>Lewis v. Roosevelt</u>
<u>Island Operating Corp.</u>, 246 F.Supp.3d 979, 992 (S.D.N.Y. 2017) (citing N.Y. Exec. L. § 296(6)).

Plaintiffs' only allegations against Fields and Johnson relate to Plaintiffs' unsuccessful requests for medical accommodations. Plaintiffs allege that Johnson wears facial hair, sent a memo regarding medical exemptions, and received their dermatologists' notes regarding medical accommodations. (Compl. at ¶¶ 27, 76-77, 81). Plaintiffs allege that Fields directed Sughrim to provide updated information regarding his medical accommodation. (Compl. at ¶¶ 79-80). These allegations, even if true, do not remotely suggest any personal involvement by Fields or Johnson in any alleged violation of law. Accordingly, Plaintiffs fail to state an individual-capacity claim against Fields or Johnson.

### C. THE STATE OFFICIALS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFFS' SECTION 1983 CLAIMS.

Plaintiffs seek damages from the State Officials, other than the Acting Commissioner, in their individual capacities. In other words, Plaintiffs seek to hold the State Officials personally liable for alleged violations of Plaintiffs' rights. Plaintiffs fail to allege the type of conduct necessary to impose personal liability on these public servants.

"In order to overcome a government official's claim to qualified immunity and 'establish individual liability under § 1983, a plaintiff must show . . . that the defendant caused the plaintiff to be deprived of a federal right.'" Raspardo, 770 F.3d at 115 (quoting Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004)). Qualified immunity protects "'government officials performing discretionary functions' from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Francis v. Fiacco, 942 F.3d 126, 139 (2d Cir. 2019) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).[9]

---

[9] Similarly, even if the State Officials were not entitled to statutory immunity from Plaintiffs' NYSHRL law claims (see Section IV.A, supra), a defendant is entitled to qualified immunity from individual-capacity NYSHRL claims where the defendant performed a discretionary function in good faith. Lore v. City of Syracuse, 670 F.3d 127, 166

While qualified immunity is an affirmative defense, a defendant may raise it on a Rule 12(b)(6) motion to dismiss where the facts supporting the defense appear on the face of the complaint.  Young v. Goord, 192 Fed. App'x 31, 33 (2d Cir. 2006) (affirming dismissal of claims against officials of NYDOCCS's predecessor on basis of qualified immunity where, based on allegations in complaint, officials "could reasonably have thought their actions" in revoking inmate's religious exemption to beard-length policy were consistent with the law).  Moreover, qualified immunity represents "a limited 'entitlement not to stand trial or face the other burdens of litigation,'" and it is therefore appropriate for courts to decide the issue at an early stage.  Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); Francis, 942 F.3d at 139 (The purpose of qualified immunity "is to avoid 'the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office.'") (quoting Harlow, 457 U.S. at 814).  The Complaint articulates all of the facts establishing the State Officials' qualified immunity, and the Court should therefore dismiss Plaintiffs' individual-capacity claims for damages.

### 1.   PLAINTIFFS FAIL TO ALLEGE THAT ANY STATE OFFICIAL VIOLATED PLAINTIFFS' CONSTITUTIONAL RIGHTS.

Plaintiffs' vague allegations suggest only that Plaintiffs did not receive religious accommodations to maintain beards in their roles with NYDOCCS. (Compl. at ¶¶ 98-129).  The Complaint lacks any allegation that connects the denial of the religious accommodations to any discriminatory motive.  In Iqbal, the Supreme Court considered "the elements a plaintiff must plead to state a claim of unconstitutional discrimination against officials entitled to assert the defense of qualified immunity."  556 U.S. at 675.  The Supreme Court specifically held that a bare allegation of discrimination against a plaintiff on account of his religion is not sufficient to survive

---

(2d Cir. 2012).

14

a Rule 12(b)(6) motion to dismiss on grounds of qualified immunity.  Id. at 686 ("Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").  Instead, "the plaintiff must plead and prove that the defendant acted with discriminatory purpose."  Id. at 676.  Plaintiffs fail to allege that any State Official "acted with discriminatory purpose."

The Complaint alleges only that Plaintiffs' religious preferences require them to maintain beards and that NYDOCCS denied their religious accommodation requests.  (Compl. at ¶¶ 98-129).  Plaintiffs do not allege that any State Official acted with discriminatory animus or otherwise acted in bad faith.  Plaintiffs do not allege that any State Official ever made any discriminatory remark or made negative comments to them about their faith.  Plaintiffs do not allege that individuals of other faiths received religious accommodations for deviations from the grooming policy while Plaintiffs did not.[10]  Plaintiffs acknowledge that NYDOCCS maintained a process for employees to seek religious accommodations for exceptions from the grooming policy.  (Compl. at ¶ 100).  In fact, Plaintiffs allege that NYDOCCS's initial response to their request for religious accommodations specifically stated that NYDOCCS "'recognizes your right to request a religious accommodation for your sincerely held religious beliefs.'"  (Id. at ¶ 105).  Plaintiffs provide nothing other than a conclusory allegation that the denial of their religious accommodations "was pretextual."  (Id. at ¶ 109).  In short, Plaintiffs fail to connect the denial of their accommodations to any discriminatory motive at all.  The Complaint therefore fails to allege that any State Official violated Plaintiffs' constitutional rights.

### 2.   PLAINTIFFS FAIL TO ALLEGE A VIOLATION OF CLEARLY ESTABLISHED LAW.

---

[10] While the Complaint contains vague allegations that other individuals received "accommodations to wear beards," and that "approximately 44 security staff at Fishkill . . . had permission to wear beards," it does not state whether these accommodations were for religious reasons or other reasons.  (Compl. at ¶¶ 112, 126).

Even assuming the Complaint alleges a plausible violation of Plaintiffs' constitutional rights, it fails to allege a violation of clearly established law.  To qualify as "clearly established law," "'existing precedent must have placed the statutory or constitutional question beyond debate.'"  White v. Pauly, 137 S. Ct. 548, 551 (2017) (quoting Mullenix v. Luna, 136 S. Ct. 305, 308 (2015)).  As the Second Circuit recently recognized, "[t]he Supreme Court has lately emphasized the breadth of qualified immunity protection."  Francis, 942 F.3d at 146.  "'[C]learly established law' should not be defined 'at a high level of generality.'"  Id. (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)).  Instead, "the clearly established law must be 'particularized' to the facts of the case."  Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).  "In short, qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions' and 'protects all but the plainly incompetent or those who knowingly violate the law.'"  Id. (quoting al-Kidd, 563 U.S. at 743).  Plaintiffs' Complaint does not plausibly allege that any State Official was "plainly incompetent" or "knowingly violate[d] the law."[11]

Plaintiffs' suggestion that NYDOCCS's long-standing religious accommodation process, which Plaintiffs acknowledge in their Complaint, violates clearly established law is absurd.  Plaintiffs cite Fraternal Order of Police Newark Lodge No. 12 v. City of Newark, 170 F.3d 359 (3d Cir. 1999).  (Compl. at ¶ 10).  Plaintiffs ignore that this Third Circuit opinion is not controlling in this Circuit and addressed a policy that offered only medical accommodations – not religious accommodations.  170 F.3d at 365.  The policy at issue in Litzman v. N.Y. City Police Dep't, No. 12 Civ. 4681 (HB), 2013 WL 6049066 (S.D.N.Y. Nov. 15, 2013) (cited in Compl. at ¶ 10), also

---

[11] Indeed, Plaintiffs' Complaint itself suggests that the law was not "clearly established" on this point.  Plaintiffs allege that Governor Cuomo "signed a law 'prohibiting employment discrimination based on facial hair" shortly before their suspensions.  (Compl. at ¶ 2).  That law did not even become effective until 60 days after signing – October 8, 2019. N.Y. Exec. L. § 296(10).

16

provided for medical accommodations but not religious accommodations.  2013 WL 6049066, at *4 (noting that "although Defendants attempt to distinguish this case from the *Newark* case by arguing that the one-millimeter rule applies to both medical and religious accommodations, the exemption from CBRN Certification is offered only to officers with medical reasons, not those with religious reasons").  That is not the case here.  Plaintiffs allege that NYDOCCS maintains a "form entitled, 'Request for Religious Accommodation.'" (Compl. at ¶ 100).  Plaintiffs also allege that the letters they received denying their requests for religious accommodations specifically stated that NYDOCCS "'recognizes your right to request a religious accommodation for your sincerely held religious beliefs.'" (Compl. at ¶ 105).  Thus, unlike the policies at issue in the <u>Newark</u> and <u>Litzman</u> cases, the policy at issue here plainly allows for religious accommodations.

Finally, the Complaint cites <u>Syed v. City of N.Y.</u>, No. 16-cv-4789 (PGG)(KNG) (June 22, 2016), in which the Court issued a temporary restraining order enjoining the New York Police Department from taking adverse action against an officer for refusing to shave his beard for religious reasons.  (Compl. at ¶ 10).  The purpose of a temporary restraining order is to preserve the status quo until the court can hear the merits of the demand for a preliminary injunction.  <u>Garcia v. Yonkers Sch. Dist.</u>, 561 F.3d 97, 107 (2d Cir. 2009).  The temporary restraining order in <u>Syed</u> therefore did not constitute a decision on the merits of the plaintiff's claim, and it cannot serve as "clearly established law."  Moreover, at least one federal court denied a temporary restraining order in similar circumstances.  In <u>Smith v. City of Atlantic City</u>, Civil No. 19-6865 (RBK/JS), 2019 WL 1307877 (D.N.J. Mar. 22, 2019), the court found that the plaintiff was unlikely to succeed on the merits of his First Amendment, Equal Protection, and Title VII claims alleging failure to provide a religious accommodation permitting him to keep his beard.  <u>Id.</u> at **4-10.  Thus, there existed no clearly established law providing that denying a religious accommodation

for an individual to keep a beard, under a policy that provided for such accommodations, would violate the individual's constitutional rights.  The State Officials are therefore entitled to qualified immunity on the face of the Complaint.

      **D.**    **INJUNCTIVE RELIEF IS NOT AVAILABLE ON THE INDIVIDUAL-CAPACITY CLAIMS.**

On its face, the Complaint appears to seek injunctive relief against the State Officials (other than the Acting Commissioner) in their individual capacities.  (Compl. at 29).  "[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity."  Greenawalt v. Indiana Dep't of Corr., 397 F.3d 587, 589 (7th Cir. 2005).  This limitation makes practical sense:  the State Officials in their individual capacities lack the ability to provide any injunctive relief.  Kuck v. Dunaher, 822 F.Supp.2d 109, 143 (D. Conn. 2011) ("Plaintiffs cannot obtain prospective injunctive relief from the Defendants sued in their individual capacities as such Defendants would not have the authority to provide such relief in their individual capacities."); DeLoreto v. Ment, 944 F.Supp.2d 1023, 1031 (D. Conn. 1996) (holding that "injunctive relief of reinstatement could only be awarded against Defendants in their official capacities," because "in their individual capacities they have no authority to reinstate Plaintiffs").  Plaintiffs therefore may not seek injunctive relief on their individual-capacity claims.[12]

**V.**    **THE COMPLAINT FAILS TO STATE AN OFFICIAL-CAPACITY CLAIM FOR DECLARATORY OR INJUNCTIVE RELIEF.[13]**

As set forth above, Plaintiffs may not seek any form of relief from New York or NYDOCCS on their section 1983 or state-law claims.  (Section I, supra).  They also may not seek injunctive relief against the State Officials in their individual capacities.  (Section IV.D, supra).

---

[12] Plaintiffs' official-capacity claims for injunctive relief fail for separate reasons.  (See Section V, infra).

[13] The 12(b)(1) arguments in this Section apply to Counts I, II, and IV of the Complaint to the extent they purport to state claims against the Acting Commissioner or the State Officials in their official capacities.

Thus, the only remaining claims for declaratory and injunctive relief are the claims against the State Officials in their official capacities. A federal court may not enjoin the State Officials from violating state law, and Plaintiffs fail to allege a current, ongoing violation of federal law sufficient to support declaratory and injunctive relief under the Ex parte Young exception to Eleventh Amendment immunity. Jurisdiction over these claims therefore does not exist.[14]

### A. ELEVENTH AMENDMENT IMMUNITY BARS THE OFFICIAL-CAPACITY CLAIMS FOR INJUNCTIVE RELIEF UNDER STATE LAW.

To the extent Plaintiffs seek declaratory and injunctive relief for alleged violations of state law, subject-matter jurisdiction to adjudicate those claims does not exist. Ex parte Young, 209 U.S. 123 (1908), created a limited exception to Eleventh Amendment immunity permitting federal courts to entertain official-capacity suits against state officials to enjoin ongoing violations of *federal* law. Green v. Mansour, 474 U.S. 64, 68 (1985); Pennhurst State Sch. & Hosp. v. Holderman, 465 U.S. 89, 102 (1984). This exception does not apply "when a plaintiff alleges that a state official has violated *state* law:"

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

Pennhurst, 465 U.S. at 106; Dube v. State Univ. of N.Y., 900 F.2d 587, 595 (2d Cir. 1990) ("[A] federal court's grant of injunctive relief against a state official may *not* be based on violations of state law."); Sutter v. Dibello, CV-18-817 (ADS) (AKT), 2019 WL 4195303, at *8 (E.D.N.Y. Aug. 12, 2019), adopted by 2019 WL 4193431 (E.D.N.Y. Sept. 4, 2019) (Ex parte Young doctrine does

---

[14] To the extent Plaintiffs state an official-capacity claim for declaratory or injunctive relief, the Acting Commissioner is the only NYDOCCS official whom they allege possesses the authority to provide the relief.

not apply to NYSHRL claim); <u>Soloviev v. Goldstein</u>, 104 F.Supp.3d 232, 244 (E.D.N.Y. 2015) (same); <u>Schuler v. Bd. of Educ. of Central Islip Union Free Sch. Dist.</u>, No. 96 CV-4702 (JG), 2000 WL 134346, at *4 (E.D.N.Y. Feb. 1, 2000) (Eleventh Amendment precludes claim that state official violated state constitution).  Accordingly, this Court may not issue declaratory or injunctive relief against the State Officials in their official capacities for any alleged violations of state law.

### B.   PLAINTIFFS CANNOT ALLEGE A CURRENT, ONGOING VIOLATION OF FEDERAL LAW.

In the circumstances presented here, no jurisdiction exists over Plaintiffs' official-capacity claims for injunctive relief based on alleged violations of federal law.  The <u>Ex parte Young</u> exception applies only to enjoin ***ongoing*** violations of federal law.  <u>Green</u>, 474 U.S. at 68. Plaintiffs received reinstatement, back pay, full benefits, and religious exemptions.  (Shipley Decl. at ¶ 4).[15]  Plaintiffs, therefore, cannot allege any ongoing violation of federal law and possess no claim for injunctive relief.  <u>Green</u> , 474 U.S. at 71 ("Because there is no continuing violation of federal law to enjoin in this case, an injunction is not available."); <u>Clark v. DiNapoli</u>, 510 Fed. App'x 49, 51 (2d Cir. 2013) (assuming delay of post-deprivation hearing violated due process, "that delay ended once" agency held hearing, and claims for "injuries stemming only from past conduct with no plausible threat of future violations . . . do not fall within" <u>Ex parte Young</u> exception); <u>Ford v. Reynolds</u>, 316 F.3d 351, 355 (2d Cir. 2003) (request for injunction enjoining officials from taking further disciplinary action against plaintiffs was "moot" and did "not justify an application of *Ex parte Young*" where named plaintiffs graduated from college without suffering any further disciplinary action); <u>Whalen v. Mass. Trial Ct.</u>, 397 F.3d 19, 30 (1st Cir. 2005) (no ongoing violation for purposes of <u>Ex parte Young</u> exception where plaintiff received reinstatement

---

[15] While a court cannot refer to matters outside the pleadings in evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), it may refer to matters outside the pleadings in evaluating a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).  <u>Makarova v. U.S.</u>, 201 F.3d 110, 113 (2d Cir. 2000).

to his position during pendency of litigation; district court properly dismissed claim as moot). Plaintiffs received reinstatement with full benefits and back pay. (Shipley Decl. at ¶ 4). They received religious exemptions to contravene NYDOCCS's grooming policy. (Id.). Even if Plaintiffs could plausibly allege that the initial denial of their religious accommodations violated federal law, no allegation or evidence exists to substantiate any "ongoing" violation of federal law.

Plaintiffs also may not obtain a "declaratory judgment" declaring that the State violated the law in the past. Ward v. Thomas, 207 F.3d 114, 120 (2d Cir. 2000) (citing Green and holding that declaratory and notice relief were not available because "the state was no longer violating federal law," and therefore "[a]ny declaration could say no more than that [the state] had violated federal law in the past"); Jones v. Smith, 784 F.2d 149, 152 (2d Cir. 1986) (holding that "request for declaratory relief cannot withstand eleventh amendment scrutiny in the absence of any continuing violation of federal law"). Thus, no jurisdiction exists for this Court to issue a declaration that the State's previous practices violated federal law.

### C. THE ACTING COMMISSIONER IS THE ONLY OFFICIAL-CAPACITY DEFENDANT WHO POSSESSES AUTHORITY TO PROVIDE THE REQUESTED RELIEF.

Even assuming Plaintiffs could state a valid official-capacity claim for declaratory and/or injunctive relief, Ex parte Young "only authorizes suits against officials with the authority to provide the requested relief." Siani v. State Univ. of N.Y. at Farmingdale, 7 F.Supp.3d 304, 317 (E.D.N.Y. 2014) (dismissing official-capacity claims against all individual defendants other than the one with "authority to reinstate plaintiff and provide the other injunctive relief he seeks"); Sutter, 2019 WL 4195303, at *8 (dismissing claims where plaintiff "failed to allege that any of the Individual Defendants would be able to provide" the relief she requested). "An injunction may issue only 'in circumstances where the state official has the authority to perform the required act.'" Loren v. Levy, No. 00 Civ. 7687 (DC), 2003 WL 1702004, at *11 (S.D.N.Y. Mar. 31, 2003)

21

(quoting <u>Schallop v. N.Y. State Dep't of Law</u>, 20 F.Supp.2d 384, 391 (N.D.N.Y. 1998)).  Plaintiffs allege that the Acting Commissioner "has final decision-making authority for DOCCS and bears ultimate responsibility to oversee, authorize, and manage DOCCS employment policies, practices, and customs."  (Compl. at ¶ 22).  They do not allege that any other official-capacity defendant possesses such authority.  (<u>Id.</u> at ¶¶ 23-28).  Accordingly, to the extent an official-capacity claim for declaratory or injunctive relief survives this Motion, the Acting Commissioner is the only proper official-capacity defendant.

## CONCLUSION

For the foregoing reasons, the State respectfully requests that this Court issue an Order dismissing the Complaint in its entirety for lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

Dated: November 29, 2019.

Respectfully submitted,

*/s/ William R. Lunsford*

William R. Lunsford (*pro hac vice*)
Stephen C. Rogers (*pro hac vice*)
Melissa K. Marler
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Tel: 256.551.0171
blunsford@maynardcooper.com
srogers@maynardcooper.com
mmarler@maynardcooper.com

The Fred F. French Building
551 Fifth Avenue
Suite 2000
New York, NY 10176
Telephone: (646) 609-9280

*Attorneys for the State*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system and/or U.S. Mail on this 29th day of November, 2019:

> Colin R. Reeves
> Joshua Samuel Moskovitz
> BERNSTEIN, CLARKE &
> MOSKOVITZ, PLLC
> 11 Park Place, Suite 914
> New York City, NY 10007
> reeves@bcmlaw.com
> moskovitz@bcmlaw.com

*Attorneys for Brian Sughrim and David Feliciano*

/s/ William R. Lunsford
Of Counsel