# THE LAW OFFICE OF
# JOSHUA MOSKOVITZ

The Woolworth Building
233 Broadway, Suite 2220
New York, New York 10279

www.moskovitzlaw.com
Tel. (212) 380-7040
Fax (888) 398-0032

July 24, 2020

**VIA ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Sughrim* et al. *v. State of New York* et al., No. 19-cv-07977 (RA)(SDA)

Dear Magistrate Judge Aaron:

As Plaintiffs' counsel, we write to respond to Defendants' letter seeking a discovery conference (Dkt. 167). The State seeks to compel Plaintiffs to produce copies of "all" their religious texts, documentation of "all" financial contributions to religious organizations, and copies of every correspondence they have ever sent or received concerning their religious beliefs. The purported basis for this impossibly overbroad demand is the State's claim that the sincerity of Plaintiffs' religious beliefs is an issue in this case. The State is wrong. This lawsuit concerns decisions by state officials to discipline Plaintiffs for wearing beards for religious reasons, while other officers were allowed to wear beards for secular reasons without discipline. None of the information the State now seeks was requested or considered in making these decisions. The information state officials knew when they made those decisions, and the information the State considered when it granted Plaintiffs religious accommodations (in response to this lawsuit), has already been exchanged. When the government seeks to compel First Amendment information like this, it must show a "compelling" need. The State has not done so; and it failed to apprise the Court of Supreme Court and Second Circuit authority concerning this well-established constitutional privilege.

Notwithstanding the constitutional concerns raised by Defendants' discovery demands, and without waiving Plaintiffs' objections to these demands, Plaintiffs propose to produce the following in consideration of Your Honor's statements during the July 22 conference: (1) the publisher and date of publication for religious texts Plaintiffs possess; (2) copies of any statements they made concerning their religious beliefs in wearing beards, posted in the past five years on social media accounts they control; and (3) photographs of themselves they posted in the past five years on social media accounts they control.[1] Plaintiffs oppose – as overbroad, irrelevant, harassing, and violative of the First Amendment – the State's request for "all documents" concerning Plaintiffs' financial contributions to religious organizations and "all" private correspondence revealing "personal information, including . . . religious information." Plaintiffs also maintain their objections to Defendants' requests for admissions, which are improper and cannot be answered.

---

[1] We were unable to confer with Defendants' counsel about this proposal because of the short time between the July 22 conference and this submission, during which we were working to solidify this proposal.

THE LAW OFFICE OF JOSHUA MOSKOVITZ					July 24, 2020
									Page 2

### 1. The State's Demands for "All" Records Concerning Plaintiffs' Religious Beliefs Are Overbroad, Irrelevant, Harassing, and Violate the First Amendment

The State's requests are overbroad. For example, the State demands "all documents referring to, relating to, or otherwise evidencing [Plaintiffs' religious] beliefs," without any time limitation (Defs' Ex. A ¶ 22). Another request demands "all personal information, including . . . religious information or religious preferences posted . . . on any social media website or using any social media platform or application" (*id.* ¶ 24). This arguably encompasses every message and comment Plaintiffs have ever posted on any social media platform.

In addition, these demands seek information that is irrelevant to this case. The only relevant information about Plaintiffs' beliefs is what the state officials considered when they denied accommodations to Plaintiffs and disciplined them for having beards. Those records have been exchanged. As the Supreme Court recently clarified, the First Amendment prohibits adverse employment action motivated by *perceived* First Amendment activity, even if that perception was wrong. *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1418 (2016).[2] Thus, the question is not whether Plaintiffs' religious beliefs were sincere – which the State has never questioned – it is whether the decision to discipline them was based on an improper motive.[3]

*Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476 (2d Cir. 1985), which the State cites because it said courts must analyze the sincerity of religious beliefs in claims like this, is inconsistent with *Heffernan*. But even if Plaintiffs must make a prima facie showing that they have a bona fide religious belief, the far-reaching information Defendants seek is irrelevant. "The burden on plaintiff [to show a sincere religious belief] is not a heavy one," because courts "must avoid any test that might turn on 'the factfinder's own idea of what a religion should resemble.'" *Id.* at 482 (quoting L. Tribe, American Constitutional Law § 14-11, 861 (1979)). *Philbrook* rejected as "unpalatable" the school board's attacks on the sincerity of the plaintiff's religious beliefs. The State's effort to question the sincerity of Plaintiffs' religious beliefs in this case is equally unpalatable.

### 2. The State's Demands Run Afoul of the First Amendment

Although the State dismisses the First Amendment privilege in a footnote without discussion, it is a well-established privilege. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 463 (1958); *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989) ("*NOW*"); *Int'l Soc'y for Krishna Consciousness, Inc. v. Lee*, No. 75 Civ. 5388 (MJL), 1985 U.S. Dist. LEXIS 22188 (S.D.N.Y. Feb. 28, 1985).[4] Application of that privilege first requires the

---

[2] *Heffernan* dealt with political activity, but the Court's decision rested on language in the First Amendment that applies to every clause, including the Free Exercise Clause. *See Heffernan*, 136 S. Ct. at 1418-19.

[3] The State contends that Roland Sofo "put the sincerity of his religious beliefs at issue" because the State denied his accommodation request because, it said, his belief was a "personal preference" and not a religious belief. *See* Defs.' Ltr. (Dkt. 167) at 3 n.3. Thus, it is not the sincerity of Sofo's belief that is at issue, but the State's misguided decision that his belief was not religious. That decision violates the First Amendment and Title VII. *See Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985) ("it is . . . necessary, for a court to engage in analysis of the sincerity -- *as opposed, of course, to the verity* -- of someone's religious beliefs in both the free exercise context and the Title VII context" (emphasis added and citations omitted)).

[4] Plaintiffs provided these authorities to the State (*see* Dkt. 166-1), but Defendants chose not to apprise the Court of these decisions, nor offer any reason to distinguish them.

party opposing discovery to make "a prima facie showing of arguable first amendment infringement." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010) (internal quotation marks omitted). In making this showing "the burden is light." *NOW*, 886 F.2d at 1355.

Defendants' discovery requests tread on Plaintiffs' First Amendment rights. The State has demanded every religious text and communication concerning Plaintiffs' religious beliefs, as well as "all" records of their financial contributions to religious organizations. These requests invade the rights of free exercise and association. If allowed, the State's demands will infringe Plaintiffs' First Amendment rights and will have a chilling effect on other officers, who will be afraid to challenge decisions concerning their religious freedoms. *See Perry*, 591 F.3d at 1160.

Thus, the State must show a "compelling" need for this information. *NOW*, 886 F.2d at 1355; *Int'l Soc'y for Krishna Consciousness*, 1985 U.S. Dist. LEXIS 22188, at *24-56. It cannot make that showing. In addition to being overbroad, the State's requests are irrelevant to any issue in this case. The State denied Plaintiffs religious accommodation requests without considering the sincerity of Plaintiffs' beliefs and then granted those accommodations in response to this lawsuit without considering any of the information the State now seeks.

### 3. The State's Requests to Admit are Improper and Cannot be Answered

Defendants seek to compel Plaintiffs to respond to three Requests to Admit: (1) "that wearing facial hair is not one of the five (5) tenets or pillars of the Islamic faith;" (2) "that the teachings in the Quran, Sunnah, or Hadith do not specify the length at which a Muslim man must grow facial hair;" and (3) "that the Islamic teachings contain no universal requirement for Muslim men to wear facial hair." Plaintiffs properly objected to these requests because key terms have no discernable definition and these requests are irrelevant to any issue in this case.

Requests for admission are limited to "facts, the application of law to fact, or opinions about either," and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Requests for admission should be simple and direct. . . . The requesting party bears the burden of drafting the request clearly and specifically so that the responding party can easily agree or disagree." 7 Moore's Federal Practice § 36.10(6) (3d ed. 2016); *see also Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) ("Each request . . . must be direct, simple and limited to singular relevant facts . . . so that it can be admitted or denied without explanation.").

Defendants' requests are quite the opposite. They ask Plaintiffs to admit as fact what amount to philosophical questions about religion. By insisting that "the Islamic faith" and "Islamic teachings" are "readily identifiable terms" (Defs.' Ltr. at 3), the State fundamentally misunderstands the nature of religious beliefs. Like all religions, Islam has myriad views about what constitutes the true faith and its teachings. It is troubling that the State of New York fails to appreciate this basic feature of religious belief. And even if it was clear what was meant by a "universal requirement for Muslim men to wear facial hair," whether that is true or not is irrelevant. *See Holt v. Hobbs*, 574 U.S. 352, 362 (2015) ("even if [the plaintiff's belief in wearing a beard because he is Muslim was idiosyncratic] the guarantee of the Free Exercise Clause[] is 'not limited to beliefs which are shared by all of the members of a religious sect'" (quoting *Thomas v. Review Bd. of Indiana Empl. Sec'y Div.*, 450 U.S. 707, 715-716 (1981)).

THE LAW OFFICE OF JOSHUA MOSKOVITZ                                  July 24, 2020
                                                                          Page 4

    Accordingly, Plaintiffs ask the Court to deny Defendants' requested discovery, subject to the records Plaintiffs have offered to produce.

    Sincerely,

    */s/ Joshua S. Moskovitz*

    Joshua S. Moskovitz
    Ronald Cook, *of counsel*
    THE LAW OFFICE OF JOSHUA MOSKOVITZ

    Luna Droubi
    Jonathan C. Moore
    BELDOCK LEVINE & HOFFMAN LLP

cc:    All Counsel of Record (by ECF)