

William R. Lunsford
DIRECT 256.512.5710
EMAIL blunsford@maynardcooper.com

July 17, 2020

**VIA ELECTRONIC FILING**

Magistrate Judge Stewart D. Aaron
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/2020
```

Re: **Brian Sughrim, *et al*. v. State of New York, *et al*., In the United States District Court for the Southern District of New York, Case No. 19-CV-7977.**

Dear Judge Aaron:

We submit this correspondence on behalf of the State of New York and the other named defendants (collectively, the "State") in the above-entitled action in accordance with Fed. R. Civ. P. 37, Local Civil Rule 37.2, and Your Honor's Individual Practices. The State requests a Local Rule 37.2 conference to address disputes regarding Plaintiffs' Responses and Objections to the State's Document Requests and Requests for Admissions. The Parties met and conferred by telephone for approximately thirty (30) minutes beginning at approximately 11:45 a.m. on June 29, 2020 (Bill Lunsford, Melissa Marler, and Kenneth Steely for the State and Josh Moskovitz for Plaintiffs); for approximately an hour and a half beginning at approximately 10:30 a.m. on July 1, 2020 (Melissa Marler and Kenneth Steely for the State and Josh Moskovitz for Plaintiffs); and for approximately twenty (20) minutes beginning at approximately 4:00 p.m. on July 16, 2020 (Bill Lunsford, Melissa Marler, and Kenneth Steely for the State and Josh Moskovitz, Luna Droubi, and Ron Cook for Plaintiffs). During the meet-and-confer sessions, the Parties resolved several disputes. However, the Parties could not resolve disputes regarding the State's requests for information about Plaintiffs' religious beliefs. Counsel for the State informed counsel for Plaintiffs during the July 16, 2020, meet-and-confer session that the Parties reached an impasse on that issue and the State would request a conference with the Court.

**Requests for Production.** The State requested information regarding Plaintiffs' religious beliefs,[1] including (1) information regarding the Plaintiffs' adoption of or conversion to their current religious beliefs, the basis for Plaintiffs' beliefs that they must maintain facial hair, and

---

[1] Plaintiffs served "Combined Responses" to the State's discovery requests, totaling 261 pages. In light of this Court's request to keep attachments to a minimum, the State submits Plaintiff Sughrim's Responses and Objections to the Document Requests (Exhibit A) and Requests for Admissions (Exhibit B) as representative documents. The State served similar (but not entirely identical) Document Requests and Requests for Admission on the other four (4) Plaintiffs, and all Plaintiffs asserted the same or similar objections. The State cites the page number that appears at the bottom of each document.

July 17, 2020
Page 2

other tenets of Plaintiffs' religions that they practice or abstain from practicing (Request Nos. 22, 27, Ex. A at 14, 17); (2) copies of religious texts on which Plaintiffs base their beliefs regarding facial hair (Request No. 23, Ex. A at 15); (3) information about religion posted by Plaintiffs on social media (Request No. 24, Ex. A at 16); (4) documents reflecting financial contributions to religious organizations (Request Nos. 25, 26, Ex. A at 16, 17); and (5) documents reflecting communications regarding Plaintiffs' religious beliefs (Request No. 53, Ex. A at 31).  Plaintiffs produced a few pages of documents relating to their requests for religious accommodations but otherwise objected to the requests on the grounds that the requests were "vague and ambiguous" and "harassing, overly broad, not proportional to the needs of the case, and seek[] documents that are irrelevant to any claim or defense in this case."  In response to the requests seeking information regarding financial contributions to religious organizations and communications regarding their religious beliefs, Plaintiffs additionally objected "on the grounds of associational privilege protected by the First Amendment."  (Ex. A at 16).[2]  Plaintiffs also refused to provide a privilege log listing documents withheld on the basis of this alleged privilege, because Plaintiffs claimed that including the documents on a privilege log would also violate their First Amendment rights.

During the meet-and-confer sessions, Plaintiffs' counsel took the position that information regarding the sincerity of the religious beliefs of Plaintiffs Sughrim, Feliciano, Gleixner, and Alshamiri is not relevant to this action because the State ultimately granted those Plaintiffs' religious accommodations.  However, Plaintiffs still seek relief on behalf of those four (4) Plaintiffs.  Specifically, Plaintiffs make the following allegations:

- "The accommodation given to Officer Feliciano was not reasonable because it does not accommodate his sincerely held religious beliefs.  Officer Feliciano had requested a religious accommodation to wear his beard loner than one inch."  (Doc. No. 145 (Second Amended Complaint), ¶ 206).

- "Officer Feliciano is not in compliance with the accommodation he was given and is subject to discipline at any time for maintaining a beard that does not comply with the accommodation he was given."  (Id., ¶ 207).

- "Officers Sughrim and Feliciano remain concerned that if they change posts or transfer to another facility, which will require them to submit new religious accommodation requests, the DOCCS officials may deny their requests . . . ."  ((Id., ¶ 209).

- "Officer Gleixner remains concerned that if he changes posts or transfer to another facility, and he is required to submit a new religious accommodation request, DOCCS officials may deny that request . . . ."  (Id., ¶ 267).

---

[2] In an attempt to resolve the dispute, counsel for the State asked counsel for Plaintiffs if they had authority supporting their position regarding associational privilege.  After reviewing the authority Plaintiffs provided, the State continues to believe Plaintiffs possess no justification for these objections.

July 17, 2020
Page 3

- "Officer Alshamiri had submitted a request to change posts and his last day on his current post is December 24.  Accordingly, Officer Alshamiri will be required to submit a new religious accommodation request.  Given his experience to-date, he is concerned that he will face harassment and may be ordered to shave his beard while his new request is pending, and that DOCCS may use pretextual reasons to deny his new request."  (Id., ¶ 301).

Thus, despite Plaintiffs' protestations to the contrary, they put the sincerity of their religious beliefs at issue by filing this action.  See, e.g., Philbrook v. Ansonia Bd. of Educ., 757 F.2d 476, 481 (2d Cir. 1985) ("[I]t is entirely appropriate, indeed necessary, for a court to engage in analysis of the sincerity" of the religious beliefs of a plaintiff asserting failure-to-accommodate claims).  Accordingly, Plaintiffs should respond to the State's requests for information regarding their religious beliefs.[3]

**Requests for Admissions.**  The State also propounded Requests for Admissions concerning the sincerity of Plaintiffs' religious beliefs.  Plaintiffs failed to admit or deny these Requests as required by Rule 36(a) and instead provided nonsensical objections and non-responsive narrative statements.  The State asked Plaintiffs Sughrim, Feliciano, Gleixner, and Alshamiri to admit that wearing facial hair does not constitute one of the five tenets of the Islamic faith, that the religious texts of Islam do not specify a length for facial hair, and that there exists no universal requirement for Muslim men to wear facial hair. (Request Nos. 10-12, Ex. B at 45-46).[4]  Plaintiffs objected to readily identifiable terms as "vague and ambiguous" and claimed that the Requests were "irrelevant to any of the claims and defenses in this lawsuit, and [are] deeply misleading." (Id. at 46).  The Requests go to the sincerity of Plaintiffs' religious beliefs – an issue at the heart of this case.  Plaintiffs remain free to argue to the Court that the State's use of the information is "deeply misleading," but this statement does not constitute a proper objection to a Request for Admission.[5]

The meet-and-confer process remains ongoing as to other disputes regarding Plaintiffs' responses to the State's discovery requests.  The State remains hopeful that the Parties can resolve these other disputes without Court intervention, but it reserves the right to seek further Court intervention if it becomes necessary.  We appreciate the Court's attention to these matters.

---

[3] Plaintiffs allege that the State denied Sofo's request for a religious accommodation because the State viewed Sofo's justification for his request as "a personal preference" rather than a sincerely-held religious belief.  (Id., ¶ 316).  Thus, Plaintiffs do not dispute that Sofo put the sincerity of his religious beliefs at issue, yet they refuse to provide information supporting those alleged beliefs.

[4] The State included similar requests to Sofo, and Sofo interposed identical objections.

[5] As the State noted in its response to Plaintiffs' letter requesting a conference regarding the State's responses to Plaintiffs' discovery requests, Plaintiffs' refusal to produce information regarding their own religious beliefs stands in stark contrast to their demands for information regarding the religious beliefs (and even medical conditions) of non-parties.  (Doc. No. 164 at 3).

July 17, 2020
Page 4

                                                          Respectfully submitted,

                                                          /s/ William R. Lunsford
                                                          William R. Lunsford

cc: All Counsel of Record (via ECF)

ENDORSEMENT: Defendants' Letter motion is DENIED IN PART AS MOOT, since the parties have reached agreement with respect to all but a single dispute. (*See* ECF No. 175.) With respect to this dispute, the Court GRANTS IN PART Defendants' Letter Motion. It is hereby ORDERED that Plaintiffs shall provide to Defendants a list of all contributions each Plaintiff made to any religious organization in the past five (5) years. Since the sincerity of Plaintiffs' religious beliefs is at issue in this case, the Court in its discretion finds that this information is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). SO ORDERED.
Dated: 8/1/2020