# THE LAW OFFICE OF
# JOSHUA MOSKOVITZ

The Woolworth Building
233 Broadway, Suite 2220
New York, New York 10279

www.moskovitzlaw.com
Tel. (212) 380-7040
Fax (888) 398-0032

September 18, 2020

**BY ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2020
```

Re:   *Sughrim* et al. *v. State of New York* et al., No. 19-cv-07977 (RA) (SDA)

Your Honor:

We write as Plaintiffs' counsel (1) to update the Court on the parties' efforts to resolve the parties' dispute about identifying putative class members (Dkt. 185);[1] and (2) to request the underlying documentation concerning the officers' accommodation requests for additional officers pursuant to paragraph 3 of the Court's July 22, 2020 Order (Dkt. 169).

As described in our status update of September 1, 2020 (Dkt. 184), Plaintiffs' position on identifying putative class members at this stage of the litigation depends on the documentation we are provided concerning Defendants' decisions on officers' accommodation requests. The parties conferred by telephone on September 1 regarding Plaintiffs' concerns about the production of such documentation we received for the twelve officers Plaintiffs identified pursuant to paragraph 3 of the Court's July 22 Order. We also discussed Plaintiffs' request for additional officer files. On September 3, Plaintiffs sent Defendants a detailed letter describing their concerns about the production. *See* Ex. 1. On September 11, Defendants' counsel responded that they believed their production encompassed the documentation required by the Court's July 22 Order. On September 17, we wrote to Defendants' counsel to explain that the limited production did not, in our view, comply with the Court's July 22 Order. *See* Ex. 2. In their September 11 communication, Defendants indicated that they were continuing to search for records. We hope that Defendants will supplement their production as we requested. In short, we have not yet received adequate underlying documentation to determine whether we need to press forward with requesting the identities of putative class members at this juncture.

---

[1] The Court's Order of September 2, 2020 ordered the parties to file a joint status update no later than September 15, 2020 (Dkt. 185). We apologize for not submitting this report by that deadline. We mistakenly calendared the deadline for September 21 and Defendants' counsel started a trial this week.

**THE LAW OFFICE OF JOSHUA MOSKOVITZ**                        September 18, 2020
                                                              Page 2

Turning to the underlying documentation concerning accommodation requests, Plaintiffs seek documentation for additional officers. Defendants would only agree to produce documentation for three additional officers – although it is unclear from Defendants' communication whether they have already produced those officers' records, which we cannot know for sure given that the officers' names are redacted.

There are two reasons we require additional documentation. First, the documentation we have received so far is threadbare and incomplete. For instance, one of the files consisted of two pages, which did not include the officer's actual request for accommodation or any of the underlying documentation concerning that request. *See* Ex. 1 at 2. Other documentation we received reflected a different outcome to the officer's accommodation request than what is indicated on the logs Defendants maintain to track accommodation requests. *See id.* at 2. We have serious concerns about the accuracy and completeness of these logs, and the documentation we have received so far is lacking. *See id.* at 2-3.

Second, the documentation we have received is an insufficient sample for the purposes of Plaintiffs' expected class certification motion. Defendants chose not to identify additional officers as part of the sample when they produced the documentation for the twelve officers we identified. *See* July 22 Order (Dkt. 169) at ¶ 3 ("Defendants may choose to identify up to an additional twelve officers to be included in the sample. The parties shall then meet and confer regarding the scope of any further production. If necessary, Plaintiffs may make a further application to the Court regarding the underlying documents."). Accordingly, the documentation we received was limited to the twelve officers we identified. That documentation consisted of 210 pages of records. On average, the production consisted of 17½ pages of records per officer. The Court offered Defendants the opportunity to select additional files in order to show, if such was the case, that the documentation was too voluminous to require additional files be produced without causing an undue burden; thus, it appears that this is not the case.

The documentation concerning accommodation requests is at the heart of Plaintiffs' case, and critical for their pending motion for a preliminary injunction and expected motion for class certification. The limited documentation we have received so far is inadequate. Accordingly, Plaintiffs request the underlying documentation for all officers who submitted religious accommodation requests from April 2018 (which is one year before Plaintiff Sughrim submitted his accommodation request) through the present (since Plaintiffs' preliminary injunction motion concerns ongoing conduct).

Which leaves the parties' remaining dispute about identifying putative class members. We ask the Court to adjourn Plaintiffs' deadline to further brief the Court on this issue until after the Court rules on Plaintiffs' application for additional files. Accordingly, we propose that within one week of the Court's decision on this application, Plaintiffs will submit a status report outlining the parties' resolution of the issue, if such a resolution has been reached, or to submit further briefing on Plaintiffs' need for those identities at this stage of the litigation. Defendants have indicated they consent to postponing Plaintiffs' further briefing on this issue.

THE LAW OFFICE OF JOSHUA MOSKOVITZ                         September 18, 2020
                                                                    Page 3

      We appreciate the Court's time and attention to this matter.

                                                        Respectfully,

                                                        *[signature]*

                                                        Joshua S. Moskovitz

cc:   All Counsel of Record (by ECF)

ENDORSEMENT: Plaintiffs' request for the underlying documentation concerning the officers' accommodation requests for additional officers pursuant to paragraph 3 of the Court's July 22, 2020 Order (ECF No. 169) is GRANTED IN PART and DENIED IN PART. In the exercise of its discretion, the Court hereby ORDERS that, within 14 days, Defendants shall produce underlying documentation concerning the officers' accommodation requests for 30 additional officers. SO ORDERED.
Dated: 10/8/2020

*[signature: Stewart D. Aaron]*