USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN SUGHRIM, et al.,

                Plaintiffs,

v.

STATE OF NEW YORK, et al.,

                Defendants.

No. 19-CV-7977 (RA) (SDA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Before the Court is Plaintiffs' motion to reinstate Khaldoun Alshamiri and Roland Sofo's Title VII claims pursuant to Federal Rule of Civil Procedure 60(b), or, in the alternative, for leave pursuant to Federal Rule of Civil Procedure 15(a) to file a Fourth Amended Complaint. For the reasons that follow, the Court grants leave to amend.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this case and therefore discusses only the facts relevant to the instant motion.

On November 30, 2020, the Court granted in part and denied in part Defendants' motion to dismiss the Third Amended Complaint—the operative complaint in this action. In that Order, the Court dismissed Alshamiri's and Sofo's Title VII claims for failure to exhaust administrative remedies, albeit without prejudice. Although Plaintiffs had filed EEOC charges on behalf of Alshamiri and Sofo on March 12, 2020, neither individual had received a right-to-sue letter from the EEOC. The Court stated that "[i]f and when" Alshamiri and Sofo received such letters, "they may seek leave to amend the Complaint."

1

Shortly after the Court's 2020 ruling, the parties entered mediation proceedings, which ultimately proved unsuccessful. Judge Aaron, to whom this case is referred for general pretrial management, proceeded to set deadlines for Plaintiffs to file their class certification and renewed preliminary injunction motions.

On July 12, 2022, Plaintiffs filed the instant motion in which they asserted that "[d]espite Plaintiffs' best efforts to obtain right-to-sue letters, the EEOC has still failed to provide them for Alshamiri and Sofo." In support of their motion, Plaintiffs affirmed that they requested right-to-sue letters from the EEOC on January 11, 2022 and repeated their request on April 6, 2022. Moskovitz Decl. ¶¶ 4, 5 & Ex. 2. On May 25, 2022, the EEOC informed Plaintiffs' counsel that the agency "could not locate [their] charges." Id. ¶ 5 & Ex. 2. Plaintiffs responded that same day by sending the EEOC copies of the charged that had been stamped "received" at the EEOC's New York office on March 12, 2020. Id. ¶ 6 & Ex. 2. The EEOC did not respond, and Plaintiffs requested an update again on June 16, 2022. Id. ¶¶ 6-7 & Ex. 2. On July 6, 2022, the EEOC sent Plaintiffs' counsel an email stating that Alshamiri's and Sofo's "charges ha[d] been processed," id. ¶ 8 & Ex. 2, but the EEOC's website does not show either of the listed charges, id. ¶ 9. According to Plaintiffs, the EEOC has still not provided the letters. Id. ¶ 10.

On July 15, 2022, pursuant to Judge Aaron's scheduling order, Plaintiffs also filed their motion to certify the class and a motion for partial summary judgment, declaratory judgment, a permanent injunction, and a preliminary injunction. The Court has held further briefing on those motions in abeyance pending its resolution of the instant motion.

## LEGAL STANDARDS

A motion to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."

Fed. R. Civ. P. 15(a); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). District courts have broad discretion in ruling on a motion for leave to amend a complaint. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (collecting cases). "Leave may be denied," however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

## DISCUSSION

The Court finds that amendment is warranted under Rule 15(a)'s permissive standard, and that there is no evidence of futility, bad faith, undue delay, or undue prejudice.

"Title VII requires that plaintiffs file timely a charge with EEOC." *Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir. 1999) (citing 42 U.S.C § 2000e-5(f)). "If no civil suit is filed by the EEOC or its authorized agent within 180 days of the filing of the charge, then the EEOC must notify the plaintiff by letter." *Id.* "After receiving such a 'notice-of-right-to-sue' letter, a plaintiff can bring a civil action against his or her employer." *Id.* As the Court observed in its November 2020 ruling, however, "a plaintiff's failure to fully comply with the remedial administrative scheme envisioned by Title VII does not preclude judicial review" because the exhaustion requirement is prudential rather than jurisdictional. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018); *see also E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Loc. 580*, 139 F. Supp. 2d 512, 520 (S.D.N.Y. 2001) ("Noncompliance with the prerequisites of section 2000e-5 may be excused by equitable considerations."). Courts regularly excuse the absence of EEOC right-to-sue letters when plaintiffs have made diligent efforts to obtain such letters and when the failure to obtain such a letter is the fault of the agency, not the plaintiff. *See, e.g., Pietras*, 180 F.3d at 474; *Bridge,*

*Structural & Ornamental Ironworkers*, 139 F. Supp. 2d at 520; *Ishikawa v. City of New York Dep't of Cultural Affs.*, No. 91-CV-7269 (SWK), 1993 WL 362393, at *5 (S.D.N.Y. Sept. 14, 1993) (collecting cases); *cf. Taylor v. Perry St. Preparatory Pub. Charter Sch.*, 242 F. Supp. 3d 1, 4 (D.D.C. 2017) (holding that a plaintiff was entitled to equitable tolling of his deadline to file an EEOC charge on the grounds that the EEO Office had lost his timely filed charge).

Defendants argue that these cases are distinguishable because the EEOC's failure or error took different forms than that here. The Court disagrees. The precise manner in which the EEOC is at fault is irrelevant to whether a plaintiff should be penalized for its inability to obtain a right-to-sue letter. Because Alshamiri and Sofo filed their EEOC charges on March 12, 2020, the EEOC was obligated to act on those charges, either by filing a civil action or by issuing a right-to-sue letter, by September 8, 2020. The EEOC's failure to do so after multiple requests, as well as its failure to even locate those charges over two years after they were received, excuses the absence of these individuals' right-to-sue letters.

Defendants further contend that Plaintiffs caused undue delay in that they did not follow up with the EEOC on the status of their March 2020 charges until January 2022, over a year after this Court's dismissal of Alshamiri and Sofo's Title VII claims. But "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Contrary to Defendants' suggestions, Plaintiffs' delay was not in bad faith given that the case was stayed from January 19, 2021 until January 10, 2022 while the parties unsuccessfully attempted mediation with both Court-appointed and private mediators. Indeed, the record reflects that Plaintiffs requested the right-to-sue letters on January 11, 2022, the day after the Court lifted the stay in this action. Moskovitz Dec. ¶ 4; *see, e.g.*, *Seemann v. Coastal Env't Grp., Inc.*, 219 F.

Supp. 3d 362, 366 (E.D.N.Y. 2016) (finding that there was no evidence of bad faith in moving to amend to add a party three months after the initial complaint was filed when "discovery was stayed" during much of that time period). Finally, Defendants claim that Plaintiffs' motion prejudices them by forcing them to respond to the pending motions for class certification and summary judgment/injunctive relief while the scope of the parties and claims in the case remain uncertain. But the Court has already ordered that Defendants need not respond to those motions until after the Court rules on this motion, thus relieving any such prejudice.[1] Accordingly, Defendants' arguments cannot overcome the liberal standards of Rule 15(a).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is granted. Plaintiffs shall file their Fourth Amended Complaint on the docket by August 18, 2022. As provided in the Court's order of August 12, 2022, Defendants shall file their oppositions to the pending class certification motion and summary judgment/injunctive and declaratory relief motion by September 16, 2022. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 249.

SO ORDERED.

Dated:   August 17, 2022
    New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] Defendants do not argue that they will require additional discovery related to Plaintiffs' class certification motion and summary judgment/declaratory and injunctive relief motion if Plaintiffs are granted leave to amend their complaint. And in any event, the need for new discovery, without more, is insufficient to constitute undue prejudice. *See Duling*, 265 F.R.D. at 100-01.