UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN SUGHRIM, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>STATE OF NEW YORK, et al.,<br><br>       Defendants. | 19-CV-7977 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

  This is an action brought by officers of the New York State Department of Corrections and Community Supervision ("DOCCS") challenging DOCCS's denial of their requests for accommodations to wear beards consistent with their religious beliefs. Pending before the Court is Plaintiffs' motion for partial summary judgment, class certification, a declaratory judgment, and injunctive relief. Plaintiffs seek, *inter alia*, "a preliminary injunction enjoining DOCCS from continuing to deny religious accommodations absent an undue hardship and requiring DOCCS to attempt to identify reasonable accommodations when reviewing officers' religious requests to wear beards," as well as "a permanent injunction enjoining the State from continuing" its alleged "policy of denying religious accommodations to particular faiths or religions because DOCCS deems that maintaining a beard is not a tenet of their faith/religion." Dkt. 267 at 1–3. On March 13, 2023, the Court held oral argument, focusing its questioning in part on the scope of the injunctive relief Plaintiffs are seeking.

  The Federal Rules of Civil Procedure provide that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought

to be restrained […]." Fed.R.Civ.P. 65(d). As the Second Circuit has observed, Rule 65 "reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds." *S.E.C. v. Lorin*, 76 F.3d 458, 461 (2d Cir. 1996) (internal citation omitted). Courts must "grant relief no broader than necessary to cure the effects of the harm caused by the violation" and "mould each decree to the necessities of the particular case." *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997). Consistent with those principles, injunctions that merely instruct the enjoined party not to violate the law have been found to be overbroad where they do not "identify[] the ways in which the defendants must alter their behavior to comply with those laws." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) (concluding that injunction that ordered defendants to act "in full conformity with applicable laws pertaining to firearms" was overbroad); *see also Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 504 (7th Cir. 2008) (explaining that injunctions that "merely instruct the enjoined party not to violate a statute … increase[e] the likelihood of unwarranted contempt proceedings for acts unlike or unrelated to those originally judged unlawful").

On March 17, 2023, Plaintiffs filed a letter requesting that, if the Court grants Plaintiffs' motions, "a schedule be set for the parties to confer and submit, if possible, a joint proposal on the scope of the injunction, or separate briefing on their own proposals if a joint proposal cannot be reached." Given the complexity of the issues at stake in this matter, however, as well as the requirement that the Court "sensitively assess all the equities of the situation, including the public interest," *Million Youth Mar., Inc. v. Safir*, 155 F.3d 124, 125 (2d Cir. 1998), the Court is of the view that even if certain details can be resolved at a later date, submissions further addressing the

desired (and/or proper) scope of any injunction would assist it in deciding the pending motions, as well as in determining the terms of any additional relief that may be warranted.

Accordingly, no later than April 14, 2023, Plaintiffs shall provide the Court more clarity on what injunctive relief they are seeking. Defendants shall file a response, if any, by April 21, 2023. This matter shall be stayed pending receipt of those submissions.

SO ORDERED.

Dated: March 31, 2023
New York, New York

_____
Ronnie Abrams
United States District Judge