UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN SUGHRIM, *et al.*,

                Plaintiffs,

v.

STATE OF NEW YORK, *et al.*,

                Defendants.

No. 19-CV-7977 (RA) (SDA)

---

### [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF THE PARTIES' STIPULATION RESOLVING THE CLASS CLAIMS, AWARDING PLAINTIFFS ATTORNEYS' FEES AND COSTS THROUGH JANUARY 6, 2025, AND ENTERING JUDGMENT ON PLAINTIFFS' CLASS CLAIMS

**WHEREAS** on September 5, 2023, the Court granted Plaintiffs' motion for class certification and granted summary judgment for Plaintiffs with respect to their class claims for declaratory and injunctive relief, permanently enjoining the New York Department of Corrections and Community Supervision ("DOCCS"), and DOCCS officials "from enforcing their practice of denying religious accommodations based on their own understanding of the tenets of the applicant's faith," *see* Dkt. 324 ("Order"); and

**WHEREAS** in October 2023, the parties submitted briefs directed by the Court setting out their positions on the specific injunctive relief that was needed to ensure compliance with the Court's permanent injunction, *see* Dkts. 328, 336; and

**WHEREAS** in June 2024, the parties advised the Court that they were prepared to undertake settlement negotiations about the extent of necessary injunctive relief and concerning the named Plaintiffs' individual claims for relief, Dkt. 350; and

**WHEREAS** on July 15, 2024, at the parties' request, the Court designated Hon. Christian F. Hummel, Magistrate Judge of the Northern District of New York, to perform the duties of an acting magistrate judge of this Court to oversee the parties' settlement negotiations, Dkts. 353 & 354; and

**WHEREAS** after extensive negotiations overseen by Judge Hummel, including telephone, video, and an in-person conference, the parties reached agreement on the extent of necessary class-wide injunctive relief; and

**WHEREAS** on November 1, 2024, the parties filed a Stipulation, Order, and Consent Judgment ("the Stipulation"), Dkt. 370, setting forth their proposed terms for injunctive relief and related terms for resolving the class claims; and

**WHEREAS** on November 6, 2024, the Court directed the parties to "jointly submit a proposal that includes (1) a plan for providing notice to class members as required by Rule 23; and (2) a schedule for the submission of motions and class member objections," Dkt. 371; and

**WHEREAS** on November 21, 2024, the Court entered an Order adopting the schedule and class notice procedures proposed by the parties, Dkt. 373; and

**WHEREAS** on December 11, 2024, the parties submitted a joint motion for preliminary approval of the Stipulation resolving Plaintiffs' class claims, Dkts. 376-378; and

**WHEREAS** on December 23, 2024 (entered on December 24, 2024), the Court issued an Order pursuant to Fed. R. Civ. P. 23(e)(1) granting preliminary approval to the Stipulation, Dkt. 382; and

**WHEREAS** on February 21, 2025, Plaintiffs filed a motion for attorneys' fees and costs incurred through January 6, 2025 and for fees incurred in filing the motion, Dkts. 386-394; on

March 24, 2025, Defendants filed a response in opposition, Dkt. 395; and on April 21, 2025, Plaintiffs filed a reply in further support of their motion for fees and costs; and

**WHEREAS** on April 21, 2025, the parties filed a joint motion for final approval of the Stipulation; and

**WHEREAS** no objections were filed with the Court concerning the proposed Stipulation; and

**WHEREAS** on May 16, 2025, the Court held a Fairness Hearing to determine the fairness of the Stipulation and Plaintiffs' application for attorneys' fees and costs;

**IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED**, as follows:

1. The Court finds that the requirements of Federal Rule of Civil Procedure 23 and any other applicable laws are satisfied.

2. The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the directives in the Court's November 21, 2024 Order (Dkt. 373) and the preliminary approval order (Dkt. 382). The Court finds that the distribution of notice complied with the Court's November 21, 2024 Order (Dkt. 373) and the preliminary approval order (Dkt. 382) and finds that such notice: (i) constituted the best practicable notice; (ii) constituted notice reasonably calculated under the circumstances to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Stipulation, Class Members' right to object, and Class Members' right to be heard at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

3. The Court finds that the proposed Stipulation resulted from serious, informed, non-collusive negotiations conducted at arm's length between the Parties and their counsel and was entered into in good faith. None of the terms and provisions of the Stipulation has material deficiencies or improperly grants preferential treatment to any individual Class Members. The Court finds the proposed Stipulation, Order and Consent Judgment (Dkt. 370) is fair, reasonable, and adequate; consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law; and in the best interests of the Parties and the Class Members.

4. The Court finds that it is appropriate to enter judgment on Plaintiffs' class claims in accordance with Fed. R. Civ. P. 54(b). This action presents more than one claim for relief and multiple parties are involved. The Stipulation, Order and Consent Judgment will fully resolve the Plaintiffs' class claims while one of the named Plaintiffs' individual claims remain unresolved and will require a trial. Because that Plaintiffs' individual claims do not impact the class claims and all material issues have been resolved with regard to the class claims, there is no just reason for delay in entering judgment on Plaintiffs' class claims.

5. Accordingly, the Court hereby approves the Stipulation, Order and Consent Judgment filed at Dkt. 370 and the Court will entered the approved Stipulation, Order and Consent Judgment as a separate document consistent with Fed. R. Civ. P. 58.

6. With regard to Plaintiffs' application for fees and costs, the Court finds that Class Counsel are entitled to the following payments:

    a. Mr. Moskovitz's firm is entitled to payment of $ 1,238,248.12 for attorneys' fees and $ 14,961.96 for costs incurred through January 6, 2025, and

$__53,830.50__ for attorneys' fees incurred in preparing Plaintiffs' motion for fees and costs; and

b. Mr. Cook is entitled to payment of $__847,853.75__ for attorneys' fees incurred through January 6, 2025, and $__16,906.50__ for attorneys' fees incurred in preparing Plaintiffs' motion for fees and costs; and

c. Beldock Levine & Hoffman, LLP is entitled to payment of $__313,790.25__ for attorneys' fees and $__15,803.60__ for costs incurred through January 6, 2025.

7. Pursuant to paragraph E of the Stipulation, Order, and Consent Judgment (Dkt. 370), Plaintiffs may file a subsequent motion for fees and costs within 30 days of the conclusion of the monitoring period provided for in the Stipulation, Order, and Consent Judgment.

8. The Court retains jurisdiction over this matter to oversee implementation of the Stipulation, Order, and Consent Judgment and resolve any disputes that may arise, as well as resolve Plaintiffs' application for attorneys' fees and costs at the conclusion of the monitoring period.

Dated: __May 28, 2025__, 2025

SO ORDERED

_____

HON. RONNIE ABRAMS
United States District Judge

5